## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                  **MEMORANDUM OF LAW & ORDER**
                                     Criminal File No. 16-339 (MJD/FLN)

(7) SAHAL A. WARSAME,

      Defendant.

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                                     Criminal File No. 16-341 (MJD/FLN)

(4) SAHAL A. WARSAME,

      Defendant.

David Michael Maria, John E. Kokkinen, and Amber M. Brennan, Assistant United States Attorneys, Counsel for Plaintiff.

Kevin M. O'Brien, O'Brien Law Office, Counsel for Defendant.

### I.     INTRODUCTION

This matter is before the Court on Defendant Sahal A. Warsame's Motion to Withdraw Plea.  [Crim. File No. 16-339(7) Docket No. 451] [Crim. File No. 16-341(4) Docket No. 274]  The Government does not oppose Defendant's motion to withdraw his plea.  The Court heard oral argument on March 7, 2018.  Because Defendant was not informed of the immigration consequences of his guilty plea, the motion is granted.

## II.     BACKGROUND

Defendant Sahal A. Warsame is not a U.S. citizen.  (Warsame Aff. ¶ 2.)  On August 8, 2017, Defendant pled guilty to one count of Conspiracy to Commit Health Care Fraud in violation of 18 U.S.C. § 1349 in Criminal File No. 16-339(7) and to one count of the same charge in Criminal File No. 16-341(4).  At that time, Defendant was represented by retained attorney Terrence Duggins.  (Warsame Aff. ¶ 1.)  Defendant avers, before he entered his guilty plea, he told Duggins that he was not a U.S. citizen.  (Id. ¶ 3.)  Defendant asked Duggins if his guilty plea would make him deportable, and Duggins responded that he did not know and advised Defendant to consult with an immigration attorney.  (Id.)

On September 21, 2017, Duggins withdrew as counsel and Kevin O'Brien was appointed to represent Defendant.  The jury trial in United States v. Forthun, Criminal File No. 16-339, began on September 27, 2017.  On October 9, Defendant

testified during that trial as a cooperating witness.  (Crim. File No. 16-339 [Docket No. 374].)

### III.   DISCUSSION

Federal Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw his guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal."  "In addition to a fair and just reason for withdrawal, a district court may consider whether the defendant asserts his legal innocence to the charge, the length of time between the guilty plea and the motion to withdraw, and whether the withdrawal would prejudice the government."  United States v. Teeter, 561 F.3d 768, 770 (8th Cir. 2009) (citation omitted).

> When the law is not succinct and straightforward . . ., a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences.  But when the deportation consequence is truly clear, . . . the duty to give correct advice is equally clear.

Padilla v. Kentucky, 559 U.S. 356, 369 (2010) (footnote omitted).

The Supreme Court held that an attorney's representation of a non-citizen defendant falls below the objective standard of reasonableness if the attorney fails to advise the defendant before he pleads guilty that his guilty plea would make him deportable when the law is clear regarding the deportation

consequence of the guilty plea.  Id. at 369.  "In short, the practice of simply referring clients to an immigration attorney is not—in most cases—objectively reasonable representation."  Al Kokabani v. United States, No. 5:06-CR-207-FL, 2010 WL 3941836, at *3 (E.D.N.C. July 30, 2010), report and recommendation adopted, No. 5:06-CR-207-FL, 2010 WL 3941834 (E.D.N.C. Oct. 7, 2010).

A district court must address a claim of a Padilla violation if it is "sufficiently presented during a motion to withdraw a plea, both legally and factually."  United States v. Urias-Marrufo, 744 F.3d 361, 369 (5th Cir. 2014).  Counsel's lack of advice regarding deportation establishes the first prong for ineffective assistance of counsel – objective unreasonableness – and then the Court must address "whether a defendant was prejudiced by counsel's error."  United States v. Kayode, 777 F.3d 719, 729 (5th Cir. 2014).  If the district court finds that a Padilla violation occurred, "that finding compels the court to permit the defendant to withdraw the guilty plea."  Urias-Marrufo, 744 F.3d at 369.

Here, the Plea Agreement states that Defendant and the Government agree that the intended loss amount is at least $550,000.  (Plea Agreement ¶ 6(b).)  Thus, Defendant's convictions are clearly aggravated felonies under 8 U.S.C. § 1101(a)(43)(M)(i), because they are each "an offense that [] involves fraud or

deceit in which the loss to the victim or victims exceeds $10,000." The law is clear that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). Therefore, Duggins provided ineffective assistance of counsel by failing to tell Defendant that his plea made him deportable.

The Court further notes that the Plea Agreement does not mention any immigration consequences. During the plea hearing, Defendant was not advised of any potential immigration consequences, as required by Federal Rule of Criminal Procedure 11(b)(1)(O). The violation of Rule 11 is not "harmless error if it does not affect [the defendant's] substantial rights." Fed. R. Crim. P. 11(h). Here, the error was not harmless because Warsame avers that, at the time of his plea, he did not know that his convictions would make him deportable and, if he had known that his plea would make him deportable, he would not have accepted the agreement. (Warsame Aff. ¶¶ 4, 6.) Thus, the Court permits Defendant to withdraw his guilty plea.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant Sahal A. Warsame's Motion to Withdraw Plea [Crim. File No. 16-339(7) Docket No. 451] [Crim. File No. 16-341(4) Docket No. 274] is **GRANTED**.

Dated:  March 7, 2018             s/ Michael J. Davis
                                  Michael J. Davis
                                  United States District Court